CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

BENJAMIN F. FARKAS (CABN 308811)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7223
    FAX: (415) 436-7234
    Benjamin.farkas@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TANLISIA NEAL,<br><br>    Defendant. | CASE NO. 3:26-CR-00064 VC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date:    June 2, 2024<br>Time:    2:00 p.m.<br>Court:  Hon. Vince Chhabria |

## I.    INTRODUCTION

This Court sentenced Defendant Tanlisia Neal to serve a term of imprisonment of twelve months and one day on January 31, 2024, and ordered her to surrender for service of that sentence by March 15, 2024. But Neal failed to surrender on that date. She remained out of custody, taking no action to address her failure to surrender, until December 11, 2025, nearly twenty months later, when she was arrested by United States Deputy Marshals. A custodial sentence is required to hold Neal accountable for her conduct in violation of the Court's order. The 3-month custodial sentence, followed by three months of home confinement, jointly recommended by the parties in the plea agreement entered

GOV. SENTENCING MEMO FOR TANLISIA NEAL
3:26-CR-00064-VC

pursuant to Fed. R Crim. P. 11(c)(1)(C) appropriately punishes Neal while also recognizing her prompt acceptance of responsibility in this case, the circumstances of her conduct, and her history.

## II.    OFFENSE CONDUCT

The government agrees with the description of the offenses in the Presentence Report (PSR) and encourages the Court to adopt it.  In short, Neal failed to surrender for service of her sentence as ordered and remained out of custody for nearly twenty months until she was detained by Deputy Marshals.  PSR ¶¶ 6-7.  The government notes that documentation provided by FedEx indicates that Neal was employed by FedEx during this time period, and there is no evidence that Neal attempted to actively evade detection during this time period.

## III.    PROCEDURAL HISTORY

On February 11, 2026, Neal was indicted on a single count of violation of 18 U.S.C. §§ 3146(a)(2), (b)(1)(A)(i) for failure to surrender for service of sentence.

At the time of indictment, Neal was still serving her sentence imposed in case number 3:20-CR-00132 VC, and had just been transferred (or was in the process of being transferred) to a federal correctional facility in the Western District of Washington.

On March 6, 2026, Neal made an initial appearance in the Western District of Washington, in anticipation of her release date on March 8, 2026 (which fell on a Sunday), where the Court ordered her transferred to the Northern District of California in custody.  Neal subsequently made an initial appearance in Magistrate Court in the Northern District of California on April 23, 2026.  Neal has thus remained in custody continuously since the termination of her prior term of imprisonment on March 8, 2026.

On April 28, 2026, Neal pled guilty to Count One of the Indictment pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C).

## IV.    U.S. SENTENCING GUIDELINES

The government agrees with the  U.S. Probation Office (Probation) in the PSR's calculation of Neal's Total Offense Level of 9 and criminal history calculation (category II).  PSR ¶¶ 20, 28.  The Guidelines Range is therefore six to twelve months of imprisonment.  Because this range falls into Zone

B of the Sentencing Table, the minimum term of imprisonment may be satisfied by a sentence of imprisonment that includes a term of supervised release or probation with a condition that substitutes intermittent detention, home confinement, or community confinement, under the specific conditions set forth in §5C1.1(c) of the U.S. Sentencing Guidelines.  One day of such intermittent, home, or community confinement substitutes for one day of imprisonment.  U.S.S.G. §5C1.1(e).

**V.      ARGUMENT**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin by calculating the correct sentencing range under the Sentencing Guidelines.  *Id*.  The Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007).  After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991-93.  Here, the most important considerations are the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).

Neal's current conduct comes after she had already failed to comply with conditions of release following trial in case number 3:20-CR-00132 VC; Neal admitted that she was in violation of her release conditions when she sold narcotics in September 2022.  Defendant's Clarified Statement of Non-Objection as to Issues of Fact, 3:20-CR-00132 VC Dkt. 243.  That act, in turn, followed upon an extensive history of arrests and convictions, as detailed in Paragraphs 23-27 and 31-40 of the PSR.  A custodial sentence is therefore appropriate to deter Neal from future violations of the law (including violations of the terms of her supervised release).  Moreover, it is concerning that Neal failed to report for service of her sentence or take any action to address her failure to report for well over a year.  While Neal has claimed that her failure to report resulted from her fear of serving her sentence in FCI Dublin after hearing of the pattern of abuse there, this does not fully excuse her failure to surrender.  Neal had

GOV. SENTENCING MEMO FOR TANLISIA NEAL
3:26-CR-00064-VC

other options available to her, including seeking assignment to a different facility. In any event, FCI Dublin temporarily closed in April 2024, with that closure becoming permanent in December of the same year—long before Neal was detained in December 2025. Neal's fear of being sent to FCI Dublin cannot justify her continued failure to address her obligation to serve her sentence.

At the same time, the government acknowledges that there is no indication that Neal attempted to evade capture, nor any evidence that she violated any laws (other than the conduct at issue here) between March 15, 2024 and December 11, 2025. Instead, evidence provided by FedEx indicates that Neal maintained employment with FedEx in the Bay Area for most or all of that time period.

The government also acknowledges that Neal promptly accepted responsibility, pleading guilty at the first District Court date following her initial appearance in the Northern District of California.

Accordingly, the government believes that a sentence of three months of imprisonment followed by three months of home confinement as a condition of supervised release, as set forth in the Plea Agreement and recommended by Probation, is appropriate. Such a sentence would not be a downward variance from the Guidelines range of six to twelve months in light of the terms of §§5C1.1(c) and (e) of the Guidelines, which allow for substitution of home confinement for imprisonment on a one-for-one basis provided that the defendant is sentenced to at least one month in custody. The government has not requested mental health and substance abuse treatment programming as conditions of the three-month period of supervised release in this case because these are already conditions of the three-year term of supervised release imposed in case number 3:20-CR-00132 VC. Judgment in Criminal Case, 3:20-CR-00132 VC, Dkt. 245 at 7. It is the government's understanding that those terms would be in effect upon Neal's release from custody in this case.

GOV. SENTENCING MEMO FOR TANLISIA NEAL
3:26-CR-00064-VC

## VI.   CONCLUSION

Balancing the statutory sentencing factors, the parties' recommended resolution of 3 months' imprisonment followed by three months of home confinement as a term of supervised release appropriately accounts for both aggravating and mitigating circumstances in this case.  The government urges the Court to accept the Rule 11(c)(1)(C) Plea Agreement and sentence Neal to 3 months' imprisonment, followed by 3 months of supervised release with a condition of home confinement and electronic monitoring, and a mandatory $100 special assessment.

DATED: May 29, 2026                                  Respectfully Submitted,

                                                     CRAIG H. MISSAKIAN
                                                     United States Attorney


                                                      */s/ Benjamin F. Farkas*
                                                     BENJAMIN F. FARKAS
                                                     Assistant United States Attorney

GOV. SENTENCING MEMO FOR TANLISIA NEAL
3:26-CR-00064-VC